IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

TERRANCE SMILEY,

      Petitioner,

v.                                         Case No. 1:18-cv-01155

WARDEN, FCI FORT DIX,[1]

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On July 18, 2018, Petitioner, an inmate who was then housed at FCI McDowell, in Welch, West Virginia, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") (ECF No. 1).   This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is currently serving a 180-month term of imprisonment, imposed by the United States District Court for the Southern District of Ohio, following his conviction on one count of conspiracy to possess with intent to distribute more than 50 grams of cocaine base and 500 grams of cocaine.   (*United States v. Smiley*, Case No. 1:09-cr-82, Judgment in a Criminal Case, filed herein as ECF No. 12, Ex. 1, Attach. G) (hereinafter "federal

---

[1] Petitioner is now incarcerated at FCI Fort Dix.   The proper respondent is Petitioner's current custodian. The Clerk is directed to modify the docket sheet accordingly.

sentence"). Petitioner filed the instant petition for a writ of habeas corpus seeking additional custody credit against his federal sentence because it was ordered to run concurrently with his previously imposed state sentence. An explanation of the procedural history of Petitioner's state and federal criminal cases will be helpful.

Petitioner was arrested by Ohio state law enforcement officials on July 1, 2008 for various controlled substance and weapons offenses charged in Case No. CR2008-07-1329. He was released on bond that same day. However, on May 7, 2009, Petitioner was again arrested by Ohio law enforcement officials for additional controlled substance and weapons offenses charged in Case No. CR2009-05-0818. (ECF No. 12, Ex. 1, Attach. A and B).

On May 26, 2009, Petitioner was sentenced to an 8-year term of imprisonment in Case No. CR2008-07-1329 (hereinafter "state sentence"). (*Id*., Ex. 1, Attach. E). The state awarded Petitioner one day of prior custody credit towards his 8-year state sentence for July 1, 2008, his original date of arrest. (*Id*., Ex. 1, Attach. D and H). On July 2, 2009, Case No. CR2009-05-0818 was dismissed; however, Petitioner remained in state custody serving his state sentence on Case No. CR2008-07-1329, which ran from May 26, 2009 to April 11, 2017. (*Id*., Ex. 1, Attach. B, D, H, and K).

On March 31, 2010, while serving his state sentence, Petitioner was borrowed by the United States Marshals Service (USMS) on a writ of habeas corpus *ad prosequendum* for proceedings concerning his federal charges. (*Id*., Ex. 1, Attach. F). On June 2, 2011, Petitioner was sentenced, as noted above, to 180 months in prison in the federal case. (*Id*., Ex. 1, Attach. G). His federal sentence was ordered to run concurrent with his state sentence. (*Id*.) On June 20, 2011, Petitioner was returned to the custody of Ohio state

authorities upon satisfaction of the writ.   (*Id.*, Ex. 1, Attach. F).

Because Petitioner's federal sentence was ordered to run concurrent with his state sentence, the Federal Bureau of Prisons ("BOP") designated the Ohio Department of Rehabilitation and Corrections as a place to serve his federal sentence in accordance with 18 U.S.C. § 3621(b) (otherwise known as a *nunc pro tunc* designation).   *See Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990) (the government can designate a state facility for service of a federal sentence *nunc pro tunc*).   (ECF No. 12, Ex. 1, Attach. I). Accordingly, Petitioner's federal sentence commenced on June 2, 2011, the date it was imposed.   (*Id.*, Ex. 1, Attach. J).   The BOP also granted Petitioner 19 days of prior custody credit for the period between May 7, 2009, the date of his second state arrest, and May 25, 2009, the day prior to the commencement of his state sentence, as that time was not credited against his state sentence.   (*Id.*, Ex. 1, Attach. J).

On April 11, 2017, Petitioner satisfied his state sentence. (*Id.*, Ex. 1, Attach. K). Petitioner was thereafter transferred to a BOP facility to serve the remainder of his federal sentence.   (*Id.*, Ex. 1, Attach. E and L).   His projected release date, with consideration of good conduct time, is February 23, 2024.[2]

On July 18, 2018, Petitioner filed the instant section 2241 petition seeking credit against his federal sentence for all of the time he spent in custody even though some of that time was credited against his state sentence.   He asserts that he should receive this credit because he was granted a *nunc pro tunc* designation and because his plea agreement contained a provision calling for concurrent sentences.

---

2   Respondent's response contains a projected release date of June 7, 2024.   (ECF No. 12 at 4).   However, according to the BOP's inmate locater on its website, Petitioner's release date has been updated to February 23, 2024, probably due to the application of additional good conduct time credit.

On May 6, 2019, the undersigned issued an Order to Show Cause (ECF No. 6) directing Respondent to file a response to Petitioner's section 2241 petition.   On July 19, 2019, Respondent filed a Response to Order to Show Cause asserting that Petitioner's sentence was correctly calculated and that he is not entitled to any further relief.   (ECF No. 12).

On August 6, 2019, Petitioner filed a reply brief in which he asserts a new claim of entitlement to sentencing credit under section 5G1.3(b) of the United States Sentencing Guidelines ("U.S.S.G.").   (ECF No. 15).   His reply further improperly contends that his federal sentence was not credited for the time between May 7, 2009, when he was arrested, and May 26, 2009, when he was sentenced by the state court.   Finally, Petitioner generally complains that the federal authorities took over 10 months to retrieve him from state authorities and another 10 months to sentence him.   (*Id.*)   Petitioner subsequently filed another supplement addressing his U.S.S.G. § 5G1.3(b) claim.   (ECF No. 18).   This matter is ripe for adjudication.

## ANALYSIS

### A.    Petitioner is not entitled to any other prior custody credit under 28 U.S.C. § 3585.

Following the imposition of a sentence by a federal court, the BOP is charged with calculating and administering the offender's sentence, including the application of prior custody credit and good conduct time.   *United States v. Wilson*, 503 U.S. 329, 334-335 (1992); 18 U.S.C. § 3621(a).   The statutory basis for the commencement of a federal sentence is found in 18 U.S.C. § 3585(a), which provides that "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting

transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." (Emphasis added).    (ECF No. 12 at 4).    Therefore, a federal sentence cannot commence earlier than the day on which it is imposed.    *See United States v. Labeille-Soto*, 163 F.3d 93, 98-100 (2d Cir. 1998).

Furthermore, section 3585(b) of Title 18 prohibits a defendant from receiving double credit for detention time.    Thus, prior custody credit generally cannot be granted if the prisoner has received credit toward another sentence.    *See United States v. Wilson*, 503 U.S. 329, 337 (1992); *United States v. Brown*, 977 F.2d 574 (4th Cir. 1992) (defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); *United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995) (credit is only available for time spent in custody which has not been credited against another sentence).    (ECF No. 12 at 6-7).    Therefore, a prisoner normally cannot receive credit toward his federal sentence for the time credited to his state sentence.

However, in the instant case, the BOP granted Petitioner a *nunc pro tunc* designation, designating the state facility where Petitioner was serving his state sentence as the facility where he could begin serving his federal sentence.    Thus, Petitioner's federal sentence commenced on June 2, 2011, the date it was imposed and ran concurrently with the remainder of his state sentence until it expired.    At that point, Petitioner was transferred into federal custody to serve the remainder of his federal sentence.

Where a defendant has both state and federal sentences, the order in which the sentences are served is governed by the principle of primary jurisdiction, which is best explained in *United States v. Smith*:

> In the context of successive criminal prosecutions by different sovereignties this "chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that the sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him, . . . and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty . . . .

812 F. Supp. 368, 371 (E.D.N.Y. 1993) (quoting *In re Liberatore*, 574 F.2d 78 (2d Cir. 1978)).    Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of charges, bail release, parole release, or satisfaction of sentence.    *See Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996) ("Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of sentence."); *Carter v. Felts*, No. 5:05-cv-00708, 2008 WL 3457032, *6 (S.D.W. Va. Aug. 11, 2008) ("When a federal court imposes sentence upon a defendant already in State custody . . . the principles of comity and primary jurisdiction dictate that the federal sentence does not commence until the State relinquishes its jurisdiction.") (internal citations omitted); *Rose v. Williams*, No. 3:16cv31, 2016 WL 8115663 *5 (N.D. W. Va.    Dec. 28, 2016).

Furthermore, "borrowing" Petitioner on a writ of habeas corpus *ad prosequendum* does not alter primary jurisdiction.    *See Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992) (a prisoner is not in custody when he appears in court pursuant to a writ *ad*

*prosequendum*; he is merely on loan); *Restituyo-Garcia v. Coakley*, No. 5:16-cv-07323, 2017 WL 764867 *3 (S.D. W. Va. Jan. 31, 2017).   Thus, when Petitioner was arrested by state authorities, the State of Ohio gained primary jurisdiction over Petitioner and did not relinquish the same when the federal authorities borrowed him on the federal writ.   The State of Ohio maintained primary jurisdiction over Petitioner until April 11, 2017, when he discharged his state sentence.

Nonetheless, in light of the BOP's *nunc pro tunc* designation, Petitioner's federal sentence commenced on June 2, 2011, the date of its imposition, prior to the transfer of primary jurisdiction.   Therefore, he was properly accorded credit against both his state and federal sentences under these statutes beginning on that date.   He was also granted 19 days of prior custody credit for days in pretrial custody that were not credited to his state sentence.   Thus, the undersigned agrees with Respondent that Petitioner has received all prior custody credit to which he is entitled under § 3585 and he is not entitled to habeas corpus relief under § 2241 on that basis.

**B.    This court cannot grant Petitioner credit under U.S.S.G. § 5G1.3(b).**

In Petitioner's reply, he asserts, for what appears to be the first time, that he is entitled to sentencing credit under section 5G1.3(b) of the United States Sentencing Guidelines.   U.S.S.G. § 5G1.3(b) requires a sentencing court to impose a shorter sentence to account for incarceration already served on another conviction encompassing the same conduct. *See* U.S.S.G. § 5G1.3(b); *see also Reynolds v. Warden, FCI Raybrook*, No. 9:16-cv-1264, 2019 WL 8064012, *4 (N.D.N.Y. Aug. 5. 2019) (U.S.S.G. § 5G1.3(b) applies where a "defendant faces punishment for the same criminal conduct in two prosecutions[,] ...

[and] ensures that the defendant receives 'credit' for time already served to eliminate double punishment.") (quoting *United States v. Fermin*, 252 F.3d 102, 109 (2d Cir. 2001)).    Petitioner herein alleges that the Ohio federal court should have applied U.S.S.G. § 5G1.3(b) at his sentencing, thereby adjusting his federal sentence to account for the period of imprisonment he had already served in state custody (although it is unclear to the undersigned whether his state and federal convictions arose out of the same criminal conduct and, thus, whether § 5G1.3(b) is even applicable to his case).    Thus, his replies request to be resentenced in accordance with § 5G1.3(b).    (ECF No. 15 at 3; ECF No. 18).

To the extent that Petitioner bases his argument upon the application of U.S.S.G. § 5G1.3(b), he is essentially challenging the validity of his federal sentence as imposed, not the manner in which the imposed sentence is being executed.    Thus, the undersigned finds that such claim is properly considered under 28 U.S.C. § 2255, not § 2241, and it should be addressed by his sentencing court.[3]

A § 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court, unless the movant or petitioner can establish that his remedy under § 2255 is "inadequate or ineffective." *Hahn v. Moseley*, 931 F.3d 295, 300

---

3    The first paragraph of § 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

28 U.S.C. § 2255 (Emphasis added).

(4th Cir. 2019) ("§ 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves 'inadequate or ineffective to test the legality of a [prisoner's] detention.'"); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of … detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). Petitioner bears the burden of showing the inadequacy or ineffectiveness of relief through a § 2255 motion.

Recently, the United States Court of Appeals for the Fourth Circuit established its test to determine whether the remedy under section 2255 is inadequate or ineffective with respect to sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). Petitioner cannot meet this standard because he is not relying on any retroactive change in substantive law since the time of his sentencing. Rather, he simply claims that the sentencing court erroneously failed to apply U.S.S.G. § 5G1.3(b) when he was sentenced.

Thus, this district court lacks jurisdiction to consider that claim. Rather, jurisdiction over such claim is proper, if at all, in the United States District Court for the Southern District of Ohio. It appears that Petitioner has not previously filed a § 2255 motion in that court. Accordingly, without making any findings about whether Petitioner's claim for relief pursuant to U.S.S.G. § 5G.13(b) would be timely and otherwise

appropriate under § 2255, the undersigned proposes that the presiding District Judge transfer this matter to the United States District Court for the Southern District of Ohio for further consideration of Petitioner's U.S.S.G. § 5G1.3(b) claim under § 2255.

### RECOMMENDATIONS AND NOTICES TO PETITIONER

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has received the proper prior custody credit and that his sentences have been properly executed under 18 U.S.C. § 3585.   Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's section 2241 petition (ECF No. 1), but **TRANSFER** this matter to the United States District Court for the Southern District of Ohio for further consideration of Petitioner's claim concerning the application of U.S.S.G. § 5G1.3(b) as addressed in ECF Nos. 15 and 18 under 28 U.S.C. § 2255.

Petitioner is hereby **NOTIFIED** that pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") Amendments to 28 U.S.C. § 2255, motions for habeas relief filed under § 2255 must be filed within one year from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).   As noted above, the undersigned makes no findings concerning the timeliness of Petitioner's claim herein.

Petitioner is further **NOTIFIED** that § 2255 also limits the ability to file a second or successive § 2255 motion.   Petitioner is advised that if he attempts to subsequently file a second or successive § 2255 motion, he must obtain certification from the appropriate Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3).   *See In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999) ("before a prisoner can pursue a qualifying 'second or successive' § 2255 motion, he must obtain authorization from the court of appeals."); 28 U.S.C. § 2244(b)(3)(A).   To obtain certification from the Court of Appeals, Petitioner must demonstrate that his motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

After consideration of these requirements, Petitioner should inform this court in writing within the period for filing objections to this Proposed Findings and Recommendation addressed below, if he does not wish to have his claim for relief under U.S.S.G. § 5G1.3(b) re-characterized as a motion under § 2255.   If Petitioner does not file objections to this Proposed Findings and Recommendation, the presiding District Judge should consider his reply briefs (ECF Nos. 15 and 18) asserting a claim based upon U.S.S.G. § 5G1.3(b) as a motion filed under § 2255 and transfer this matter to the United States District Court for the Southern District of Ohio for consideration under § 2255.   If Petitioner agrees that his claim for relief under U.S.S.G. § 5G1.3(b) should be considered under § 2255, he may further amend his § 2255 motion to the extent permitted by law

once the motion is filed in the sentencing court.   *See United States v. Pittman*, 209 F.3d 314 (4th Cir. 2000) (holding that amendments to a § 2255 motion made after the expiration of the one-year statute of limitations do not relate back to the original motion and are therefore untimely).   Should Petitioner not agree with the recommendation that his U.S.S.G. § 5G1.3(b) claim be re-characterized as a § 2255 motion during the objection period, then it is alternatively **RECOMMENDED** that his § 2241 petition be dismissed in its entirety and this civil action removed from the docket of this court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be provided to the opposing parties and Judge Faber.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner and to transmit a copy to counsel of record.

April 14, 2021

Dwane L. Tinsley
United States Magistrate Judge